**E-FILED on** 7/24/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HONG LIN ZHOU,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; MICHAEL MUKASEY, U.S. Attorney General; EMILIO T. GONZALEZ, USCIS Director; DAVID ROARK, Director of the USCIS Texas Service Center; CONDOLEEZA RICE, Secretary of State of Department of State,<br><br>   Defendants. | No. C-08-04523 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket No. 3]** |

Plaintiff Hong Lin Zhou brought this action seeking declaratory relief and a writ of mandamus compelling adjudication of the visa application for his daughter, Rui Zhou. Plaintiff named the following individuals as defendants: Michael Chertoff, Secretary of the Department of Homeland Security; Michael Mukasey, U.S. Attorney General; Emilio T. Gonzalez, USCIS Director; David Roark, Director of the USCIS Texas Service Center; and Condoleeza Rice, Secretary of State of Department of State.

Presently before the court is defendants' Motion to Dismiss. The court has considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing, the motion is granted.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-04523 RMW
EHM

## I. BACKGROUND

Plaintiff Hong Lin Zhou is a Chinese citizen and a lawful permanent resident of the United States. (Compl. ¶ 2.) On September 26, 2002, Zhou filed an I-824 petition with United States Citizenship and Immigration Services ("USCIS") on behalf of his daughter, Rui Zhou, seeking to obtain an immigrant visa for Rui so that she could join him in the United States. (*Id.*) The petition was approved on January 24, 2005, (*id.*), and allegedly forwarded to the Consulate General in Guangzhou, China, where Rui lived, for final approval, (Compl. ¶ 11). However, after more than two years and eight months, during which time the Zhous never heard from the consulate, Hong decided to pursue legal action. (*Id.* ¶ 12.) Through his attorney, Hong made multiple inquiries to the USCIS and the consulate asking about the status of his daughter's visa application. (*Id.* ¶ 13-19.) After his efforts failed to resolve the situation, Hong filed this mandamus action on September 26, 2008, 44 months after the original I-824 petition was first approved. (*Id.* ¶ 20.)

Soon after, on November 6, 2008, the Zhous were informed that Rui's I-824 petition was officially declared lost, and they had the option of reconstructing their I-824 petition. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2:10-12.) After reconstructing the petition, the Zhous were told that it had been approved on December 1, 2008, and again forwarded to the consulate in Guangzhou. (*Id.*) On April 27, 2009, Rui was called to the consulate for an interview. (*Id.* at 2:12-14.) After the interview, the petition for an immigration visa was denied under section 221(g) of the Immigration and Nationality Act ("INA") because she was over the age of 21 and therefore no longer eligible for the visa classification she sought. (Dybdahl Decl. ¶ 3.)

## II. ANALYSIS

Defendants move to dismiss on the grounds that the action is moot because the petition is no longer awaiting adjudication now that the consulate has rendered its decision. Defendants also assert that the doctrine of consular nonreviewability deprives the court of subject matter jurisdiction to review the consulate's decision.

The Ninth Circuit has consistently affirmed the doctrine of consular nonreviewability as a bar against courts substituting their own judgment for that of consular officials either to grant or deny visas. *See, e.g.*, *Li Hing of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 970 (9th Cir. 1986) ("The

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-04523 RMW
EHM                                                            2

doctrine of nonreviewability of a consul's decision to grant or deny a visa stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete."); *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981) (holding that courts lack jurisdiction when "the relief sought is a review of the Consul's decision denying their application for a visa").  By enacting the INA, Congress intended to confer upon consular officials the exclusive authority to issue or withhold visas.  *Li Hing of Hong Kong, Inc.*, 800 F.2d at 971.  The exercise of this power is not subject to judicial review or intervention.  *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972); *Li Hing of Hong Kong, Inc.*, 800 F.2d at 971.  Accordingly, to the extent that plaintiff seeks an order compelling the consulate in Guangzhou to grant the visa application, whatever the merits of her visa application, the court is without power to do so.

Plaintiff's complaint also seeks a writ of mandamus to require that Rui's visa petition be properly adjudicated without any further delay.  Under *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997), the court has jurisdiction to order a consul to take action on a visa application and issue a decision.  Here, however, the consulate has issued a decision pursuant to section 221(g), and plaintiff's request for mandamus relief is moot.

Plaintiff argues that his action is not moot because he has requested a reconsideration of his daughter's visa petition. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. 4.)  The court was confronted with a similar situation in *Svensborn v. Keisler*, 2007 WL 3342751 (Nov. 7, 2007), and the court finds the reasoning of that case on point.  In *Svensborn*, the court considered a visa application that had been formally denied under section 221(g) and where the plaintiff requested a reconsideration pursuant to 22 C.F.R. § 42.81(e)[1].  2007 WL 3342751, at *4.  Even though the visa application was still ongoing, it was ongoing as part of this reconsideration process, rather than as one on which no decision had been made.  *Id.*  Therefore, the court concluded that there was no outstanding duty a writ of mandamus could compel respondents to perform.  *Id.*

---

[1] 22 C.F.R. § 42.81(e) is entitled, "Reconsideration of refusal."  In relevant part, it reads: "If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-04523 RMW
EHM                                                       3

The same analysis applies here. A decision has already been made on Rui's visa application. Request for reconsideration has been submitted. There is presently no outstanding duty the court could compel defendants to perform.

### III. ORDER

For the foregoing reasons, defendants' Motion to Dismiss is granted.

DATED:  7/24/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Jingming James Cai**          jcai@sacattorneys.com

**Counsel for Defendants:**

**Ila Casy Deiss**          ila.deiss@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/24/09                                                        TER
                                                                              **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C-08-04523 RMW
EHM                                                                                      5